UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK D. ANDERSON, #325850**

    **Petitioner,**

                                          Civil No: 05-73199
                                          Honorable Victoria A. Roberts
                                          Magistrate Judge Virginia M. Morgan

**v.**

**RAYMOND BOOKER**,

    **Respondent.**

_____

**OPINION & ORDER DENYING MOTION TO EXCLUDE
RESPONDENT FROM CHALLENGING PETITIONER'S HABEAS
PETITION, DENYING MOTION FOR ORDER TO SHOW CAUSE,
& DENYING MOTION TO STAY PROCEEDINGS**

## I. Introduction

This is a habeas corpus matter. Petitioner was convicted by a jury of armed robbery, carjacking, felonious assault, and possession of a firearm during the commission of a felony. He is presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. This matter is before the Court on Petitioner's request that: (1) Respondent be precluded from prosecuting this matter; (2) Respondent be ordered to show cause why Petitioner's writ for habeas corpus should not be granted; and (3) this matter be stayed and held in abeyance pending Petitioner's exhaustion of state court claims. For the reasons set forth below, the Court denies each of Petitioner's requests.

## II. Discussion

### A. Precluding Respondent from Challenging Habeas Petition

Petitioner asserts that Respondent should not be permitted to submit a response to his habeas petition because the assistant Wayne County prosecutor who litigated Petitioner's criminal matter,

Christine Kowal, has not submitted a response to Petitioner's habeas petition. Accordingly, it is Petitioner's position that the People of the State of Michigan are in default; his petition has gone unchallenged by the prosecutor's office; Petitioners habeas claims have been tacitly admitted, and therefore Petitioner's pleading is the only submission the Court should examine in making its determination about whether or not to grant habeas relief. Petitioner also contends that Respondent's answer to Petitioner's habeas petition is not in compliance with federal statutory law and the federal court rules because the Respondent did not specifically "admit" and/or "deny" each of Petitioner's allegations set forth in his petition. The Court finds that Petitioner's arguments are without merit.

First, the only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden. See *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir.1996). The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *28 U.S.C. § 2242*; see also *28 U.S.C. § 2243* ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). Therefore, remote supervisory officials such as the attorney general or an assistant county prosecutor are not real parties in interest in a habeas proceeding. See *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Ms. Kowal is not named as a party respondent, has not been served with Petitioner's habeas petition and is under no duty to submit any responsive pleadings in this case.

As for the format of Respondent's answer to Petitioner's request for habeas relief, the Court has reviewed the response and it properly addresses the facts and issues presented in this case. The fact that Respondent does not answer Petitioner's petition by stating that he "admits" and/or

2

"denies" each allegation does not warrant the response being stricken; and Petitioner cites no authority which would require the Court to take such action.

Therefore, Petitioner's request to preclude the Respondent in this case from challenging Petitioner's request for habeas relief is denied.

### B. Order to Show Cause

Petitioner asserts that the Respondent in this matter is in contempt of court for the following reasons: (1) failing to make a full disclosure of the complete state-court record; (2) failing to submit an answer to Petitioner's habeas petition which is in compliance with statutory law and the federal court rules; and (3) failing to file a properly cataloged index of the record. The Court finds that Petitioner's arguments are without merit.

First, as previously stated, the Court has reviewed Respondent's answer to Petitioner's habeas pleadings and finds that it is in compliance with the federal court rules and statutory law. Second, the Court has also reviewed the "Notice of Filing Rule 5 Material" and finds the index of the record to be in order. Finally, Petitioner asserts that he has never received a true copy of his probable cause hearing transcript. Further, he claims that even though he admittedly received state court record transcripts, because they did not bear the seal of the Wayne County Clerk, the completeness and authenticity of the transcripts are questionable and reflect efforts by the Respondent to selectively omit service of certain parts of the state court record upon the Petitioner. Petitioner has submitted no proof to substantiate his allegations against the Respondent. Furthermore, a copy of the state court record, including Petitioner's probable cause hearing transcript, is in the possession of the Court [Docket #17] and will be reviewed in its examination of Petitioner's habeas claims in this matter.

Therefore, the Court does not find Respondent in contempt of court and denies Petitioner's request that Respondent be ordered to show cause why the pending habeas petition should not be granted.

### C. Stay of Proceedings

Petitioner maintains that this matter should be stayed and held in abeyance so that he may exhaust state court remedies and due to a recent Michigan Court of Appeals decision that Petitioner believes will motivate this Court to grant habeas relief. The state court issues Petitioner claims require exhaustion are: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel. Petitioner further claims that he was improperly convicted of carjacking because the wrong version of the carjacking statute was applied to Petitioner's case. See, *People v. Dearmin,* 2006 WL 1302444 (Mich. App.) (involves the issue of whether the defendant was convicted under the carjacking statute that was in effect before July 1, 2004 or afterwards, at which time the statute was amended).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims in federal

4

court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims ""are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Petitioner, in this case, has completely failed to address the question of good cause. In determining good cause for failure to exhaust, "the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas petition." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D.Cal.2005). In the present case, Petitioner has presented no reasons why he did not exhaust his ineffective assistance of trial and appellate counsel claims before filing the instant federal habeas corpus petition. He has failed to explain why he did not

present his claim to the Michigan Court of Appeals or the Michigan Supreme Court. Thus, Petitioner has not shown good cause for his failure to exhaust his ineffective assistance of counsel claims.

Most importantly, even assuming petitioner had shown good cause, he has not shown that the claim is potentially meritorious to justify a stay in this matter. Within Petitioner's habeas petition, he states that his trial counsel failed to communicate with him, investigate his case and object to the admission of evidence Petitioner claims was illegally obtained. Petitioner further claims that his appellate counsel failed to raise the issue of his delayed arraignment on appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The Petitioner in this case bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* Even if a court determines that counsel's performance was outside that range of professionally competent assistance, the Petitioner in this case is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Aside from Petitioner's blanket assertions of his trial and appellate counsel's alleged

deficiencies, he has failed to articulate how his attorneys' performance fell below an objective standard of reasonableness, nor how he was prejudiced by their professional decisions.

As for the final prong of the *Rhines* analysis, it is not clear from the record whether the Petitioner engaged in dilatory tactics in the delay of exhausting his ineffective assistance of counsel claims.  Nonetheless, since the Court does not find that Petitioner has established good cause nor that his ineffective assistance of counsel claims are potentially meritorious, the Court finds that a stay is not warranted in this case.

Finally, Petitioner claims that he was improperly convicted of carjacking under the wrong version of the statute which was in effect at the time the offense was committed and cites *People v. Dearmin,* 2006 WL 1302444 (Mich. App.) in support of his position.  Petitioner's argument is not persuasive.  The carjacking statute, MCL §750.529a, was amended to take effect on July 1, 2004.  In *Dearmin,* whether the defendant was charged under the proper version of the statute was an issue because the offense occurred in April 2004, but the charge was amended to relate to a carjacking offense which took place in July 2004.  The issue in *Deramin* is not an issue in this case because here, the offense occurred in 1999; and he was convicted in 2000.  There are no facts in this case which relate Petitioner's offenses to incidents occurring after July 1, 2004.  Therefore, Petitioner's argument is without merit; and he was properly convicted under the carjacking statute that was in effect at that time.

### III.  Conclusion

For the foregoing reasons, the Court denies his request that (1) Respondent  be precluded from prosecuting this matter; (2) Respondent be ordered to show cause why Petitioner's  writ for

habeas corpus should not be granted; and (3) this matter be stayed and held in abeyance pending Petitioner's exhaustion of state court claims.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion to Exclude Respondent from Presenting an Argument Challenging Petitioner's Habeas Corpus [Petition]" **[Docket #38, filed April 21, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Order to Show Cause for Writ of Habeas Corpus" **[Docket #40, filed June 28, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Request an Order for Stay of the Proceedings to Exhaust State Court Violations Presented in Application for Habeas Corpus" **[Docket #41, filed August 8, 2006]** is **DENIED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

**Dated: September 22, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record & pro se petitioner by electronic means or U.S. Mail on September 22, 2006.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**