UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK D. ANDERSON,
#325850
    Petitioner,                               Civil No. 2:05-CV-73199
                                               HONORABLE VICTORIA A. ROBERTS
v.                                                UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO VACATE AND AMEND JUDGMENT, DENYING THE REQUEST FOR THE APPOINTMENT OF A SPECIAL MASTER, AND DENYING A CERTIFICATE OF APPEALABILITY**

On September 24, 2008, this Court denied Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied Petitioner a certificate of appealability. *See Anderson v. Booker,* No. 2008 WL 4387650 (E.D. Mich. September 24, 2008). The United States Court of Appeals for the Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. *Anderson v. Booker,* U.S.C.A. No. 08-2308 (6th Cir. March 12, 2009). Petitioner has now filed a Rule 60(b) motion for relief from judgment.

For the reasons stated, the motion for relief from judgment is DENIED. The Court also denies Petitioner's request for the appointment of a special master.

The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as motions seeking: (1) leave to present a claim that was omitted

1

from the habeas petition due to mistake or excusable neglect; (2) to present newly discovered evidence not presented in the petition; or (3) relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005).

On the other hand, the Supreme Court has held that when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 125 S. Ct. at 2648. A claim of "[f]raud on the federal habeas court," is an "example of such a defect." *Id*. at 2648, n. 5.

Petitioner contends that the Respondent committed a fraud upon this Court by failing to submit Rule 5 materials that Petitioner argues would support his claim that Sergeant Robert Kozlowski committed perjury regarding when he learned of the teletype information concerning the carjacking and armed robbery. Petitioner contended in his habeas application that Sergeant Kozlowski did not learn of the content of the teletype information until after stopping Petitioner, therefore, vitiating any probable cause basis for the traffic stop.

Petitioner's allegation that the Court failed to review portions of the state court record challenges the procedural handling of his habeas petition and therefore does not amount to a second or successive petition that would require a transfer to the Sixth

Circuit. *See Willis v. Jones,* 329 Fed. Appx. 7, 14 (6th Cir. 2009)(habeas petitioner's motion for relief from prior order that dismissed his habeas petition as untimely, insofar as it argued that district court erred in calculating statute of limitations or in not requiring state to properly produce the habeas record, went to procedural handling of his first habeas petition, and did not have to be dismissed as successive petition for habeas relief). In addition, a claim of fraud on the court is not subject to the one-year limitation period for filing a Rule 60(b) motion for relief from judgment. *See Anderson v. Williamson,* 47 Fed. Appx. 333, 335 (6th Cir. 2002)(*citing King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2nd Cir. 2002)).

However, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. U.S.,* 367 F. 3d 74, 82 (2nd Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004).

The first problem with Petitioner's 60(b) argument is that other than his conclusory assertions, Petitioner presents no evidence that the attorneys representing the State of Michigan carried out a deliberate or reckless fraud on the federal district court, justifying relief from judgment pursuant to Rule 60(b)(3) based upon a fraud committed upon this Court. *See Alley v. Bell,* 392 F. 2d 822, 831 (6th Cir. 2004). The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.
*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner claims that the Respondent concealed the official state exhibits by failing to turn over to this Court, the transcripts from the February 18, 2000 suppression hearing and the trial transcript from November 21, 2000, both which contained Sergeant Kozlowski's testimony. Petitioner further contends that the Respondent failed to turn over the investigative file from the Detroit Police Department, which Petitioner alleges would have supported his perjury claim.

Petitioner's allegations are without merit. A review of this Court's docket entries shows that the transcripts from February 18, 2000 and from November 21, 2000 were provided to this Court in their entirety. [Dkt. Entries # 17, 23]. Also, Sergeant Kozlowski's police report, which described the circumstances surrounding the stop of the vehicle that Petitioner drove, was provided to the Court as an exhibit attached to the supplemental brief on appeal that Petitioner filed with the Michigan Court of Appeals as part of his direct appeal. [Dkt. Entry # 26-3]. Petitioner's allegations are without merit. Moreover, to the extent the respondent failed to turn over the entire investigative file from the Detroit Police Department, Petitioner would not be entitled to relief. The attorneys in the habeas division of the Michigan Attorney General's Office neither work

with the police nor are they in the business of prosecuting crimes. Lacking such a connection as part of the prosecuting team, any constructive knowledge of the Detroit Police Department investigative file which might be imputed to a local prosecutor's office cannot be imputed to the Michigan Attorney General's Office in a federal habeas case for the purpose of granting a Rule 60(b) motion. *See Fierro v. Johnson*, 197 F. 3d 147, 155-56 (5th Cir. 1999).

Secondly, Petitioner would not be entitled to habeas relief on his claim that Sergeant Kozlowski committed perjury regarding whether he had probable cause to stop the vehicle that Petitioner drove. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). Sergeant Kozlowski's alleged perjury at the suppression hearing did not deprive Petitioner of a full and fair opportunity to litigate his Fourth Amendment claim. *See Brown v. Berghuis,* 638 F. Supp. 2d 795, 811 (E.D. Mich. 2009). Other cases have come to the same conclusion. *See Sneed v. Smith*, 670 F. 2d 1348, 1356 (4th Cir. 1982)(*Stone* rule "would of course be swallowed if impairment [of a full and fair opportunity to litigate] could be shown simply by showing error-whether of fact or law-in the state court

proceeding. Sneed's suggestion of perjury is merely a suggestion of factual error."); *Carr v. Runnels*, No. 2007 WL 133971, at *5 (N.D. Cal. January 16, 2007) (although the use of perjured testimony may state an independent due process claim, it "does not call into question the adequacy of the state hearing procedures with which petitioner was provided."); *Hernandez v. Filion*, No. 2005 WL 3164063, at *6 (S.D.N.Y. November 29, 2005)(claim that officers committed perjury at the suppression hearing "seeks to attack the outcome of the suppression hearing" and "does not mean that [the state] provided [petitioner] with 'no corrective procedures' at all to redress the alleged Fourth Amendment violations.... Nor can it be said that the alleged perjury caused [petitioner] to be 'precluded from using' the suppression mechanism. Thus, *Stone v. Powell* bars [petitioner's] claim regarding perjury at the suppression hearing."); *United States ex rel. Pertz v. Carter*, No. 1998 WL 42273, at *3 (N.D. Ill. January 29 1998)(finding claim barred by *Stone* even though claim included allegation of perjury at suppression hearing).

  Moreover, Petitioner presented the argument before the Michigan Court of Appeals that Kozlowski did not become aware of the teletype until after the stop was made. *People v. Anderson*, No. 2003 WL 133061, * 3 (Mich.Ct. App. January 3, 2003). Even assuming that as a general rule a police officer's perjury at a suppression hearing deprives a habeas petitioner of a full and fair opportunity to litigate his Fourth Amendment claim in state courts, Petitioner was not denied such a full and fair opportunity because he was given a full and fair opportunity to subsequently litigate the perjury issue in the Michigan Court of Appeals. *Brown,* 638 F. Supp. 2d at 812.

Finally, Petitioner failed to show that Sergeant Kozlowski's alleged perjury about when he received the teletype information was material to his conviction. To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. Coe v. Bell, 161 F.3d 320, 343 (6th Cir. 1998). As this Court indicated when it denied Petitioner's claim, *See Anderson v. Booker,* No. 2008 WL 4387650, at * 12, even if Sergeant Kozlowski did not learn about the teletype information until after Petitioner was stopped, the Michigan Court of Appeals indicated that despite that fact "the officer had reasonable suspicion to conduct a brief investigatory stop to determine whether the vehicle driven by defendant was stolen." *People v. Anderson*, No. 2003 WL 133061, *3. Petitioner is, therefore, not entitled to relief on his underlying claim.

Petitioner also requested the appointment of a special master pursuant to Fed. R. Civ. P. 53(c). Because Petitioner failed to establish that a fraud was committed on the Court, he is not entitled to the appointment of a special master. *See e.g. Workman v. Bell,* 245 F. 3d 849 (6th Cir. 2001).

The Court also denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate

of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from

judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he failed to make a substantial showing of the denial of a constitutional right, or that this Court's procedural ruling was incorrect.

# **ORDER**

Accordingly, the Court **DISMISSES** the motion to vacate and to amend judgment [Dkt. Entry # 60]; Petitioner's request for the appointment of a special master is DENIED; and a certificate of appealability is DENIED

IT IS ORDERED.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: July 23, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Mark D. Anderson by electronic means or U.S. Mail on July 23, 2010.

s/Carol A. Pinegar
Deputy Clerk

---